# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOUCAUD, ANDRE M.<br>ABEL, ALAIBI<br>ADDISON, ANTOINETTE<br>ADENUGA, SIKIRU, A.<br>ADEPETU, TAJUDEEN<br>AGBASONU, GERTRUDE<br>AHUNAMBA, EMEKA<br>AIKMAN, MICHAEL<br>ALATISHE, OLABODE<br>ALIU, BENJAMIN<br>ALLMAN, AIYANA<br>ALSTON, SYDELLE<br>ALZATE, CHERIE<br>ANDERSON, GERRARD E.<br>ANNAHIJ, TOMISA<br>APATA, OLUBANKE, D.<br>ARRINDELL, AUBREY<br>ARTIS, KIM<br>BABATUNDE, LADUNNI, M<br>BANKS, DAYNE,<br>BANNISTER, PATRICIA<br>BARR, THOMAS, C.<br>BELAFONTE, RENEE<br>BERGER, ANTONIO<br>BLAKE, CHARMAINE<br>BODDEN, DINO, E.<br>BOOME, ARTHUR<br>BRANHAM, KAMEL<br>BROWN, CHRISTINA<br>BROWN, KELLEY<br>BROWN, RAQUEL<br>BYNUM, WILLENE<br>CALDWELL, MICKENI<br>CARDICHON, EMMANUEL<br>CARLO, MONALISA<br>CHARLES, HENRETTA<br>CLAY, ANTHONY, B.<br>CLAYTON, LAWRENCE<br>COLEMAN, REGINA<br>COPELAND, TRISHENA<br>COUNCIL, KALI<br>DACRES, KARLENE | Civil Action No. 07-CV-11098<br><br>AMENDED COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>|

| | |
|---|---|
| DADA, TEMITOPE | |
| DALEY, JUANITA, T. | |
| DAVID, ALICIA | |
| DAVID, FATUKASI | |
| SMALL-DAVIS, SIMONE | |
| DOUGLAS, CLAUDETTE | |
| DRAGON, NESLEYE | |
| EDOBOR, GLAN, E. | |
| EDWARDS, GERTRUDE | |
| ELLIS, LATIA | |
| EROMOSELE, PETER | |
| ESAN, STEPHEN | |
| FELTON, JOSEPH, A. | |
| FERNANDEZ, ANDRE | |
| FERRELL, WILLOUNDA | |
| FORTE, PAULETTE | |
| FOSTER, PAMELA, K. | |
| FRANK, ELAHO | |
| GAIRY, SAMUEL, F. | |
| GATLING, KAREEM | |
| GAUSE, TERRI | |
| GBOBO, ROBINSON, O. | |
| GILLISON, ALAN, J. | |
| GIVENS, REGINALD | |
| GRAY, TYRONE, C. | |
| GREEN, TANYA | |
| HALL, MICHELLE | |
| HARRIS, NADIA | |
| HENDERSON, LINDA | |
| HENDERSON, MICHAEL | |
| HERNDON, SIMONE, M | |
| HODGE, ADINA | |
| HOLT, GERALDINE | |
| HUNTE, DEVIN | |
| IYANDA, EMMANUEL, O. | |
| IYASERE, MONICA, I. | |
| IZQUIERDO, YIRA | |
| JACKSON, ELEANOR, S. | |
| JACKSON, MARCIA | |
| JACKSON, NICOLE | |
| JAMES, DAME | |
| CHARLES-JEAN, DESIREE | |
| JEFFRIES, TASHEMA | |
| JOASSIN, SHERLY | |
| JOHNSON, QUIANNA | |
| JONES, JAMES, H | |

| |  |
|---|---|
| JONES, TIFFANY<br>JORDAN, JAWHAR<br>JUNCOS, JOSE<br>KALMAHSON, NATHAN, M.<br>KEMECH, SAMIA<br>LEE, RALPH<br>LEE, KEON<br>LETMAN, MARY, W.<br>LEWIS, ALFRED, W.<br>LOVICK, LILLIAN<br>LYNCH, FAY, L.<br>OLUSOLA, OLOWO, K.<br>OLUWAFUNMILAYO, JAMES, S.<br>MARSALLIS, GAMANE<br>MAYA, ERIK, J.<br>MCIVER, AMY<br>MCKENEZIE, KARLENE<br>MCKINNEY, ROBIN, M.<br>MEDFORD, NATHALIE<br>MELENDEZ, ARACELI<br>MICHAEL, AUGUSTUS<br>MINNOW, ISHMAEL, K.<br>MINTER, THOMAS<br>MITCHELL, SEKEEMA<br>MORGAN, SHELBY<br>MORRIS, ANISHA<br>MPRAH, RAPHAEL, Y.<br>MUTANGA, JOTHAM<br>NAVOS, JORGE<br>NEWTON, REMIGIO<br>LONG-NEWSOME, MURIEL<br>NITOLLANO, BATAAN<br>OFORI, SAMUEL<br>OGBEIWI, AGHABIOMON<br>ORIABURE, GODWIN, E.<br>PAGAN, CARMEN<br>PEARSON, ABIGAIL<br>PETERSEN, KEITH<br>PHILLIPS, RICHARD, W.<br>PITT, KECIA<br>POWELL, KADEEN<br>POWELL, SAMUEL<br>POWELL, SEAN<br>RANDOLPH, BARRY, H.<br>RAMOS, JUAN<br>RANSOM, RHONDA, J | |

| |  |
|---|---|
| REYES, BARBARA<br>ROBERTSON, CHRISTINE<br>RODRIGUEZ, ABEL<br>RODRIGUEZ, JENNY<br>ROLERSON, KATHRYN<br>ROGERS, LILA<br>ROPER, OSWALDO<br>RUFUS, OGUNRIBIDO<br>RYMER, TONYA<br>SCIPIO, LAMAR<br>SCOTT, EDWARD<br>SCOTT, JEWELENE<br>SCOTT, KYLI<br>SHELL, ELIZABETH<br>SHITTU, ABIODIN<br>SILAS, MARION<br>SILLE, JOHNNIE, M.<br>SMART, RONALD<br>SMITH, RONALD, L.<br>SMITH, TAMMIE<br>SOTO, WILLIAM, F.<br>SPELLER, ANITA,<br>STARKES, TOMMY, C.<br>STATON, TERRY<br>STOWE, NAOMI, S.<br>STRICKLAND, ANTHONY<br>SULE, SIGISMUND, A.<br>SURIA, FELIX<br>THOMAS, MELANIE<br>THOMASON, JENELL<br>TRULUCK, RENITA<br>UBA, PETER, C.<br>UDEBHULU, MOSES<br>ULLAH, WAHED<br>VENNING, NIKEYA,<br>WASHINGTON, CASSANDRA<br>WILLIAMS, MORRIS<br>WILLIAMS, MICHAEL, J.<br>WILLIAMS, PATRICIA<br>WILLIAMS, TAISHA<br>WILLIS, TAHKYIA<br>WILSON, NICOLE, M.<br>WRAY, JESSIE<br>CUMBERBATCH, ORRIN<br>DOBY, LENNIKA<br>GREENE, DWAYNE | |

4

| | |
|---|---|
| CABRERA, MARITZABEL<br>KANU, ISHA<br>LOWE, PAMELA<br>                 Plaintiffs<br><br>v.<br><br>CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF JUVENILE JUSTICE<br><br>                 Defendants | |

Plaintiffs, by and through their counsel, for their complaint against the City of New York (the "City") and the New York City Department of Juvenile Justice ("DJJ"; the City and DJJ are hereinafter collectively referred to as "Defendants") allege as follows:

## PARTIES

1. Plaintiffs bring this action for back pay and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA") and for a declaratory judgment pursuant to 28 U.S.C. § 1331 to remedy Defendants' willful violations of the FLSA.

2. Plaintiffs are and at all material times have been employed by Defendants as juvenile counselors or in similar positions within DJJ. Each Plaintiff is or has been an "employee" of DJJ within the meaning of 29 U.S.C. § 203(e)(1).

3. Each Plaintiff is identified in the caption of the Complaint and has given his or her written consent to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b). Such written consents are included in Appendix A to this Complaint. Plaintiffs

bring this action as a collective action on behalf of themselves and all others similarly situated.

4.      The City is a juridical entity amenable to suit as a "public entity" within the meaning of 29 U.S.C. § 203(x). The principal office and place of business of the City is located at Broadway and Park Row, New York City, New York. The City may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York City, New York 10007.

5.      DJJ is an administrative division of the City and is a juridical entity amenable to suit as a public agency within the meaning of 29 U.S.C. § 203(x). The principal office and place of business of DJJ is located at 365 Broadway, New York City, New York. DJJ may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York City, New York 10007.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

8.      On and/or after December 7, 2004 each Plaintiff has been employed by Defendants as a juvenile counselor or in a related position performing comparable functions. Plaintiffs' duties have included counseling, care, custody and control of juvenile residents in a secure detention center.

9.      On many occasions within the last three years, each Plaintiff has worked more than forty hours per week in the course of his or her employment by Defendants.

10. On those occasions, Defendants failed to provide each such Plaintiff with the rights and protections provided under the FLSA and to pay to each such Plaintiff the benefits to which he or she was and is entitled under the FLSA. Specifically, and without limitation, Defendants have violated the FLSA by:

   a. Pre-Shift/Post-Shift Claim: Failing to pay Plaintiffs for work they performed before and/or after their scheduled shifts;

   b. Float Day Claim: Failing to properly compensate Plaintiffs for 15 minutes of scheduled work that Plaintiffs performed each shift;

   c. Late Payment of Overtime: Failing to timely pay Plaintiffs overtime pay;

   d. Flawed Compensatory Time: Failing to comply to pay Plaintiffs in cash rather than "compensatory" time off in accordance with 29 U.S.C. § 207(o);

   e. Gap Time: Failing to pay Plaintiffs in cash (as opposed to "compensatory" time off) for all hours worked between their scheduled 35 hours and 40 hours worked in weeks when Plaintiffs worked more than 40 hours.

   f. Non-Compliant Pay system: Failing to pay Plaintiffs for overtime worked during the second week of a bi-weekly pay period on the regular pay day for that period, as required by 29 C.F.R. § 778.106.

## CLAIMS FOR RELIEF FOR VIOLATIONS OF THE FLSA

11. Plaintiffs incorporate by reference paragraphs 1 through 10 above as though set forth verbatim herein.

12. 29 U.S.C. § 207(a) requires the payment of overtime compensation at the rate of one and one-half times an employee's regular rate of pay for all hours worked in

excess of forty hours per week. Public agency employers such as Defendants may substitute compensatory time off for cash compensation for overtime, but only under the terms and conditions prescribed by the FLSA and the regulations of the Secretary of Labor promulgated thereunder.

13. Defendants' practices and procedures as described in Paragraph 10 hereof failed to comply with the requirements of the FLSA as described herein.

14. Defendants' past and continuing failure to pay Plaintiffs and Defendants' other employees similarly situated to Plaintiffs the overtime pay required by the FLSA has been and continues to be willful and intentional.

15. Defendants' practices as alleged herein, including without limitation in Paragraph 10, have violated § 207 of the FLSA since December 1, 2004.

16. Plaintiffs have not been able to determine the amount due and owing to Plaintiffs and to other employees of Defendants similarly situated to Plaintiffs because Plaintiffs do not have access to Defendants' payroll and other relevant records.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs on their own behalf and on behalf of other similarly situated employees of Defendants, pray that this Court:

A. Enter judgment declaring that Defendants have violated the FLSA and deprived each Plaintiff of his or her rights under 29 U.S.C. § 207 and 29 C.F.R. § 778.106.

B. Enter judgment declaring that Defendants have willfully violated the FLSA and deprived each Plaintiff of his or her rights under U.S.C. § 207 and 29 C.F.R. § 778.106.

C. Order a complete and accurate accounting of all the compensation to which Plaintiffs are entitled;

D. Award Plaintiffs monetary liquidated damages in the amount required by the FLSA and the regulations of the Secretary of Labor promulgated thereunder.

E. Award Plaintiffs interest on such damages.

F. Award Plaintiffs their reasonable attorneys fees and the costs and disbursements; and

G. Grant such other relief as may be just and proper.

### REQUEST FOR JURY TRIAL

Plaintiffs hereby demand that their claim be tried before a jury.

Respectfully submitted,

*[signature]*

Daniel P. O'Toole
Thomas D. Gearon (TG 2804)
BLOCK & O'TOOLE
1 Penn Plaza, Suite 5315
New York, NY 10119
(212)736-5300

Leo L. Clarke (LC 1540)
125 Ottawa NW, Suite 300
Grand Rapids, Michigan 49503
(616) 454-8300