UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BOUCAUD, ANDRE M., et al.,

                               Plaintiffs,

              -against-

CITY OF NEW YORK and THE NEW YORK CITY
DEPARTMENT OF JUVENILE JUSTICE,

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER**

07-Civ.-11098 (RJS)(MHD)

       Defendants, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the amended complaint ("Amended Complaint"), respectfully allege as follows:

       1.    Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiffs purport to proceed as set forth in this paragraph and respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents.

       2.    Paragraph "2" of the Amended Complaint constitutes legal argument for which no response is required. To the extent a response to this paragraph is required, defendants deny the allegations set forth in this paragraph except admit that each plaintiff is, or has been, employed by the City of New York ("City") and assigned to the City's Department of Juvenile Justice ("DJJ"), and that some plaintiffs hold or have held the appointed title of Juvenile Counselor; and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

3.  Deny the allegations set forth in second paragraph "3" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that "each plaintiff has given his or her consent" and admit that plaintiffs purport to proceed as set forth in this paragraph.

4.  Paragraph "4" of the Amended Complaint constitutes legal argument for which no response is required. To the extent a response to this paragraph is required, defendants deny the allegations set forth in this paragraph except admit that the City is a municipal corporation, duly organized and existing under the Constitution and laws of the State of New York, and that the City is represented by the Corporation Counsel, some of whose offices are located at 100 Church Street, New York, New York 10007-2601, where some of the individuals authorized to accept service of process on behalf of the City are located, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

5.  Paragraph "5" of the Amended Complaint constitutes legal argument for which no response is required. To the extent a response to this paragraph is required, defendants deny the allegations set forth in this paragraph except admit that the DJJ is an agency of the City; that some of the DJJ's offices are located at 365 Broadway, New York, New York; and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

6.  Deny the allegations set forth in paragraph "6" of the Amended Complaint, except admit that plaintiff purports to set forth the basis of jurisdiction.

7.  Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that plaintiff purports to set forth the basis of venue.

- 3 -

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that on or after December 7, 2004 each plaintiff was employed by the City and assigned to the City's DJJ, and that some plaintiffs hold or have held the appointed title of Juvenile Counselor.

9. Deny the allegations set forth in paragraph "9" of the Amended Complaint.

10. Deny the allegations set forth in paragraph "10" of the Amended Complaint.

11. In response to the allegations set forth in paragraph "11" of the Amended Complaint, defendants repeat and reallege their responses to paragraphs "1" through "10" of the Amended Complaint as if fully set forth here.

12. Paragraph "12" of the Amended Complaint constitutes legal argument for which no response is required. To the extent a response to this paragraph is required, defendants deny the allegations set forth in this paragraph and respectfully refer the Court to the statute cited for a complete and accurate statement of its contents.

13. Deny the allegations set forth in paragraph "13" of the Amended Complaint.

14. Deny the allegations set forth in paragraph "14" of the Amended Complaint.

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Amended Complaint.

## AS AND FOR A FIRST DEFENSE:

17. The Amended Complaint fails to state any claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE:

18. The Amended Complaint is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A THIRD DEFENSE:

19. This case may not be maintained as a collective action because the named plaintiffs are not similarly-situated to or otherwise adequate representatives for the persons whom they purport to represent.

## AS AND FOR A FOURTH DEFENSE:

20. Plaintiffs are estopped from asserting some or all of the claims asserted in the complaint because defendants' actions were based upon and in accordance with the governing collective bargaining agreements and the past practices established thereunder.

## AS AND FOR A FIFTH DEFENSE:

21. Plaintiffs have waived some or all of the claims asserted in the Amended Complaint by virtue of the collective bargaining agreements that govern the terms and conditions of their employment.

## AS AND FOR A SIXTH DEFENSE:

22. Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust contractual remedies.

## AS AND FOR A SEVENTH DEFENSE:

23. Plaintiffs' claims are barred, in whole or in part, by the de minimis doctrine.

## AS AND FOR AN EIGHTH DEFENSE:

24. Defendants at all times relevant to this action acted in good faith, not in willful or reckless disregard of and in conformity with the existing laws of the United States, the State of New York, the City of New York and pursuant to the applicable rules of the City of New York. Hence, by virtue of 29 U.S.C. § 256, the statute of limitations applicable to each plaintiff's Fair Labor Standards Act claims begins two years prior to the commencement of this action or the filing of that plaintiff's consent form, whichever is later.

## AS AND FOR A NINTH DEFENSE:

25. Plaintiffs are exempt from the overtime provisions of Fair Labor Standards Act by virtue of 29 U.S.C. § 213.

## AS AND FOR A TENTH DEFENSE:

26. Alternatively, plaintiffs are exempt in substantial part from the overtime pay provisions of the Fair Labor Standards Act by virtue of 29 U.S.C. § 207(o).

## AS AND FOR AN ELEVENTH DEFENSE:

27. Defendants, at all times relevant to this action, acted in good faith reliance upon and in conformity with administrative rulings, regulations, interpretations and enforcement policies of the Wage and Hour Division of the United States Department of Labor in implementing the compensation policies and practices at issue in this case. Hence, by virtue of 29 U.S.C. § 259, this action is barred.

## AS AND FOR A TWELFTH DEFENSE:

28. Defendants, at all times relevant to this action, have acted in good faith and based upon a reasonable belief that their acts or omissions were not in violation of the Fair Labor Standards Acts. Hence, by virtue of 29 U.S.C. § 260, no liquidated damages should be awarded by the Court, if, <u>arguendo</u>, damages are awarded against defendants.

### AS AND FOR A THIRTEENTH DEFENSE:

29. Plaintiffs may not be awarded both liquidated damages and interest under the Fair Labor Standards Act if, <u>arguendo</u>, damages are awarded against defendants.

### AS AND FOR A FOURTEENTH DEFENSE:

30. If, <u>arguendo</u>, any of the plaintiffs are found to be entitled to any amount or award under the Fair Labor Standards Act, liability of the defendants must, by virtue of 29 C.F.R. § 778.114, be calculated on the "half-time" basis.

### AS AND FOR A FIFTEENTH DEFENSE:

31. If, <u>arguendo</u>, any of the plaintiffs are found to be entitled to any amount or award under the Fair Labor Standards Act and if defendants are liable under the Fair Labor Standards Act at all, defendants are liable to pay such compensation only for "working time" as provided by law.

### AS AND FOR A SIXTEENTH DEFENSE:

32. An agency of the City of New York is not a suable entity and, thus, any named defendants that are agencies of the City of New York must be dismissed from this case.

**WHEREFORE,** defendants request judgment dismissing the Amended Complaint and denying all relief requested therein, entering judgment for defendants, and granting defendants costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         February 28, 2008

                        **MICHAEL A. CARDOZO**
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendants
                        100 Church Street, Room 2-124
                        New York, New York 10007-2601
                        (212) 788-0860

By:   **ECF**          /S/
      _____
      Robert J. Anderson
      Assistant Corporation Counsel

To:   **BLOCK & O'TOOLE**
      Attorneys for Plaintiffs
      One Penn Plaza, Suite 5315
      New York, New York 10019
      Att: Thomas Gearon

## CERTIFICATE OF SERVICE

I, **ROBERT J. ANDERSON**, hereby certify that, on February 28, 2008, I caused a true and correct copy of the foregoing Answer to the Amended Complaint to be served upon plaintiffs' counsel, by ECF and in a prepaid postage envelope first-class mail, addressed to

>**BLOCK & O'TOOLE**
>Attorneys for Plaintiffs
>One Penn Plaza, Suite 5315
>New York, New York 10019
>Att: Thomas Gearon,

that being the address that plaintiffs' counsel designated for receipt of such material.

Dated:   New York, New York
         February 28, 2008

>**MICHAEL A. CARDOZO**
>Corporation Counsel of the
>  City of New York
>Attorney for Defendants
>100 Church Street, Room 2-124
>New York, New York 10007-2601
>(212) 788-0860
>RAnderso@law.nyc.gov

By: _____
     Robert J. Anderson
     Assistant Corporation Counsel

- 8 -

07-Civ.-11098 (RJS)(MHD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOUCAUD, ANDRE M., et al.,

                        Plaintiffs,

-against-

CITY OF NEW YORK, et al.,

                        Defendants.

**ANSWER**

**MICHAEL A. CARDOZO**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-124
New York, New York 10007-2601
RAnderso@law.nyc.gov

Of Counsel:  Robert J. Anderson
Tel No.:         (212) 788-0860

Case No.: 2007-040818

*Due and timely service is hereby admitted.*

Dated: New York, N.Y. .............................., 2008

Attorney for ..............................

Signed:  ..............................

Print Name:  ..............................